IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRAXXAS, L.P.<br>　　*Plaintiff*,<br><br>v.<br><br>OFNA – D&S CORP, and<br>OFNA RACING,<br><br>　　*Defendants*. | §<br>§<br>§　Civil Action No.<br>§<br>§<br>§　JURY<br>§<br>§<br>§ |

## ORIGINAL COMPLAINT

Plaintiff, Traxxas, L.P., for its Original Complaint against Defendants OFNA - D&S Corp and OFNA Racing, alleges the following.

## PARTIES

1.　Plaintiff Traxxas, L.P. (hereinafter "Traxxas") is a limited partnership organized under the laws of the State of Texas and has its principal place of business at 1100 Klein Rd., Plano, Texas 75074.

2.　Defendant OFNA – D&S Corp (hereafter "OFNA") is a corporation organized under the laws of the State of California and has a place of business at 7 Vanderbilt, Irvine, CA 96218. OFNA may be served with process through its President, Sharon Morales, at the listed address.

3.　Defendant OFNA Racing (hereafter "OFNA Racing") is, upon information and belief, an affiliate of OFNA and has or had a place of business at 22692 Granite Way, Suite B, Laguna Hills, CA 92653, and also lists 7 Vanderbilt, Irvine, CA 96218 as a principal place of business. OFNA Racing may be served with process through its owner, David Morales, at either of the listed addresses.

4. Upon information and belief, OFNA and/or OFNA Racing also conducts business as "OFNA Inc." and/or "OFNA Racing Products." For all purposes of this Complaint OFNA, OFNA Racing, OFNA Inc. and OFNA Racing Products will be referred to collectively as "Defendants."

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States of America, Title 35 of the United States Code. Jurisdiction of the Court is founded on Title 35 United States Code and on Title 28 United States Code, particularly 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendants, and venue is proper in this District, under 28 U.S.C. §§ 1391(b) & (c) and/or 1400(b) because, upon information and belief, Defendants and/or each of them regularly conduct business in this District buy supplying, offering to sell and/or selling model vehicle products and accessories, including, but not limited to, the HYPER 8 RTR Racing Buggy model vehicle, to companies within this District, such as Ross's Toys for Big Boys, who in turn resell such products and accessories to individual customers within and without this District.

## BACKGROUND

7. Traxxas creates, designs, manufactures and sells hobby-class radio controlled cars, trucks, and boats in both nitro and electric categories, including connectors for hobby-class radio controlled cars, trucks, and boats.

8. On November 20, 2007, Traxxas sent a letter addressed to "President, OFNA Racing, 7 Vanderbilt, Irvine, CA 92618," enclosing a true and correct copy of U.S. Patent Application Publication No. 2006/0246819, entitled "Fuel Filler Cap for a Model Vehicle" for application serial number 11/348,697. The letter and published application were received by David Morales.

9. Defendants and/or each of them had actual notice of U.S. Patent Application Publication No. 2006/0246819, entitled "Fuel Filler Cap for a Model Vehicle" for application serial number 11/348,697.

10. On May 27, 2008, patent application serial number 11/348,697 was duly and legally issued as United States Patent No. 7,377,295 ("the '295 Patent").  A true and correct copy of the '295 Patent and its file history is available to the public for download at [www.uspto.gov](www.uspto.gov) and are incorporated herein by reference.

11. The invention claimed in the '295 Patent is substantially identical to the invention as claimed in U.S. Patent Application Publication No. 2006/0246819, entitled "Fuel Filler Cap for a Model Vehicle" for application serial number 11/348,697.

12. All rights, title and interest in the '295 Patent and the technology disclosed and claimed therein, along with the right to sue and recover for past and future acts of patent infringement, are owned by Traxxas through written assignment from the named inventors.

13. Upon information and belief, Defendants and/or each of them, is/are presently making, having made, distributing, using, selling, offering to sell and/or importing one or more model vehicles that infringe one or more claims of the '295 Patent, including but not limited to the HYPER 8 RTR Racing Buggy model vehicle.

14. Upon information and belief, Defendants and/or each of them, is/are liable for infringement of the '295 Patent for making, having made, distributing, using, selling, offering to sell and/or importing one or more fuel tanks for use with model vehicles, including, but not limited to, the fuel tank supplied with the HYPER 8 RTR Racing Buggy model vehicle.

**COUNT I**
**DIRECT INFRINGEMENT OF THE '295 PATENT**

15. The allegations in the preceding paragraphs of this Complaint are incorporated herein by reference as if fully set forth.

16. At all times relevant to this action, Traxxas has complied with the applicable notice provisions of 35 USC § 287 as it concerns the '295 patent.

17. Upon information and belief, Defendants and/or each of them, has directly infringed one or more claims of the '295 Patent, including but not limited to claim 12, by making, using, offering to sell, selling and/or importing model vehicles, such as, but not limited to, the HYPER 8 RTR Racing Buggy model vehicle, all in violation of 35 U.S.C. §§ 154(d) and 271(a), and will continue to do so unless enjoined by this Court.

18. Defendants' infringing activities have been done without an express, or implied license from Traxxas.

19. Defendants' infringing activities have been done willfully and with express disregard for the rights of Traxxas.

20. Traxxas has been damaged by Defendants' past infringement and is entitled to damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention as provided by 35 U.S.C. §§154(d) and 284.

21. Traxxas will be irreparably injured unless such future infringement is enjoined by this Court as provided by 35 U.S.C. § 283.

**COUNT II**
**INDIRECT INFRINGEMENT OF THE '295 PATENT**

22. The allegations in the preceding of this Complaint are incorporated herein by reference as if fully set forth.

23. Upon information and belief, Defendants and/or each them, has induced others to infringe one or more claims of the '295 Patent, including but not limited to claim 12, in the United States and this District by making, using, offering to sell, selling and/or importing fuel tanks, such as, but not limited to, the fuel tank supplied with the HYPER 8 model vehicle, all in violation of 35 U.S.C. § 271(b), and will continue to do so unless enjoined by this Court.

24. Upon information and belief, Defendants and/or each of them, has contributed to the infringement by others of one or more claims of the '295 Patent, including, but not limited to claim 1, in the United States and this District by making, using, offering to sell, selling and/or importing fuel tanks, such as, but not limited to, the fuel tank supplied with the HYPER 8 RTR Racing Buggy model vehicle, all in violation of 35 U.S.C. § 271(c), and will continue to do so unless enjoined by this Court;

25. Defendants' infringing activities have been done without an express, or implied license from Traxxas.

26. Defendants' infringing activities have been done willfully and with express disregard for the rights of Traxxas.

27. Traxxas has been damaged by Defendants' past indirect infringement and is entitled to damages adequate to compensate for the indirect infringement but in no event less than a reasonable royalty for the use made of the invention as provided by 35 U.S.C. § 284.

28. Traxxas will be irreparably injured unless such future indirect infringement is enjoined by this Court as provided by 35 U.S.C. § 283.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Traxxas, L.P. prays that:

(a) Defendants be adjudged and decreed to have infringed, directly and/or indirectly, one or more claims of the '295 Patent;

(b) Defendants be ordered to pay damages adequate to compensate Traxxas for the infringement, but in no event less than a reasonable royalty for the use made of the invention, together with prejudgment interest, costs, and increased damages pursuant to 35 U.S.C. §§ 154(d) and 284;

(d) A permanent injunction be entered against Defendants, its officers, agents, servants and employees, and all entities and individuals acting in concert with them to permanently restrain any further infringement, direct and/or indirect, of the '295 Patent;

(e) This case be declared an "exceptional case" within the meaning of 35 U.S.C. § 285 and reasonable attorney fees and costs be awarded to Traxxas;

(f) An award be granted of all reasonable attorney fees allowed by statute, costs, pre-judgment interest, post-judgment interest, and any other further relief as may be just and proper; and

(g) Traxxas be granted such other and further relief as the Court may deem proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Traxxas, in accordance with Federal Rules of Civil Procedure Rule 38(b), demands a jury trial as to all issues properly triable by a jury.

Dated: September 26, 2008

*Of Counsel:*

Charles E. Phipps
State Bar No. 00794457
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: 214-740-8453
Facsimile: 214-756-8453
cphipps@lockelord.com

Bruce Cannon
State Bar No. 24055258
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis Street, Suite 3400
Houston, Texas 77002
Telephone: 713-226-1200
Facsimile: 713-223-3717
bcannon@lockelord.com

Respectfully submitted,

 s/ Albert B. Deaver. Jr.
Albert B. Deaver, Jr.
Attorney in Charge
State Bar No. 05703800
LOCKE LORD BISSELL & LIDDELL LLP
600 Travis Street, Suite 3400
Houston, Texas 77002
Telephone: 713-226-1200
Facsimile: 713-223-3717
adeaver@lockelord.com

**ATTORNEYS FOR PLAINTIFF TRAXXAS, L.P.**